Grafton,
Oct. 6, 1908.

## GODSOE v. DODGE CLOTHESPIN CO.

If a servant injured by dangerous machinery was led to adopt unsafe methods of work through observation of his superiors, and the latter, although aware of his conduct, never instructed him to pursue a different course, the master cannot escape liability on the ground that the servant's act was not reasonably to be anticipated.

Whether a known, existing, and sufficient cause produced the typical result which is shown to have followed, is a question of fact for the jury.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the November term, 1907, of the superior court by *Pike*, J., on an exception to the denial of a motion for a nonsuit. The facts appear in the opinion.

*Shannon & Tilton* and *Burleigh & Adams*, for the plaintiff.

*Alvin F. Wentworth*, for the defendant.

PEASLEE, J. The plaintiff was injured by catching his hand on some concealed saws, while employed in removing obstructions therefrom. There were two other safe ways to do the work, but the plaintiff, a boy of sixteen, had seen it done in this way by his superiors on several occasions, had himself so done it in the presence of his superiors, and had never been told and did not know that the method was improper or that it was forbidden. He had no instruction except that gained by observation, and believed that he was proceeding to do the work in a safe and proper manner.

The defendant's exception to the case as drawn by the presiding

justice and detailed above must be overruled. The testimony of the plaintiff, that at one time when he did the work in this way McNamara (his superior) was near him and looking his way, warranted the submission to the jury of the question whether McNamara saw the transaction. The fact that McNamara, when called as a witness by the defendant, denied the occurrence merely raised an issue of fact on the conflicting evidence.

In its contention that it could not have reasonably anticipated the plaintiff's act, the defendant fails to take into account the fact (as it must here be assumed to be) that a part of the boy's instruction had been that this was one of the ways to remove obstructions. Having allowed him to be so instructed, and having done nothing to remedy the erroneous teaching, the defendant cannot now say that it had no occasion to anticipate that the instruction would be followed. In these respects the case differs radically from *Morrison* v. *Fibre Co.,* 70 N. H. 406.

The case also differs from the other authorities relied upon by the defendant (*Hicks* v. *Paper Co.,* 74 N. H. 154; *O'Hare* v. *Company,* 71 N. H. 104; *Collins* v. *Car Co.,* 68 N. H. 196), in that in the present case there was a concealed danger that the edgings might catch on the second of the enclosed saws and so draw the operator's hand onto the first saw. The fact that this danger was a concealed one distinguishes the case from the last two authorities; and the fact that it was known to the defendant and unknown to the plaintiff shows that the statement in *Hicks* v. *Paper Co., supra,* that the defendant could not tell him anything he did not know of the dangers, is not applicable to this case.

It is further urged that it is a mere conjecture how the accident happened. The plaintiff testified that as he tried to remove the obstruction his hand was drawn onto the first saw by some unknown force. The defendant's witness McNamara testified that if the end of an edging touched the second saw " it might fly up and hit the saw, and snap his hand in there." No other cause being shown, it was plainly a question for the jury whether the known, existing, and sufficient cause produced the typical result of such a cause, which was shown to have followed.

The defendant's nine other exceptions to the case as drawn are entirely without merit. The case as prepared by the presiding justice is supported by the evidence, and complies strictly with the rule of this court that it " should state succinctly all facts necessary for a decision of the questions of law transferred." Rule 3. When this has been done, the record ought not to be incumbered with frivolous exceptions, accompanied by a mass of undigested evidence.

*Exceptions overruled.*

All concurred.