Hillsborough, }
Jan. 3, 1911. }

### DIONNE *v*. AMERICAN LOCOMOTIVE CO.

A master is not bound to warn a servant concerning dangers not reasonably to be apprehended in the course of the work.

CASE, for negligence. Trial by jury. The court directed a verdict for the defendant, and the plaintiff excepted. Transferred from the January term, 1910, of the superior court by *Wallace*, C. J. The evidence tended to prove the facts recited below.

The plaintiff was thirty-four years old, of average intelligence, and a blacksmith by trade. He was not a machinist, but was employed by the defendant as a laborer or helper. Besides lifting heavy castings and helping generally, he worked fitting up boiler doors, at which he was "very handy." On the afternoon of the injury, after he had been in the defendant's employ about two weeks, he was assigned as helper to one Hawkins, a machinist. Hawkins was engaged in making repairs upon a brake-beam—an iron bar five and one half feet long and weighing between 103 and 115 pounds. The plaintiff assisted in placing the beam upon the speed lathe where it was centered. He was then directed to assist in moving the beam to a turning-lathe about fifteen feet distant, which Hawkins adjusted for its reception.

In order to attach work of any considerable weight upon the

lathe, it is necessary to place supports of some sort across the ways of the lathe, upon which the piece to be turned may rest while the attachments are being made. Wooden blocks are provided for that purpose. There is also an attachment upon the carriage called the tool-post rest, which can be adjusted over the center of the ways so as to be utilized as a support for one end of the work. For a piece of the weight of the brake beam, a single support—either a block or the tool-post rest—may be placed at the center and the piece to be turned balanced over it, or a block may be laid across near each end, or a block may be placed near the head end with the tool-post rest in position to support the other. All these methods are good practice and equally safe. There was no evidence of any other.

Hawkins placed a block across the ways near the head of the lathe and adjusted the tool-post rest as a support for the rear end of the beam. The turning-lathe having been prepared to receive the beam, the plaintiff took one end and Hawkins the other, and they carried it from one lathe to the other. The plaintiff says he carried the rear end and placed it upon the tool-post rest. Hawkins says he carried that end and the plaintiff the other, and that when the beam was upon the rests they changed places; but both agree that at the time of the injury Hawkins was at work on the beam at the head end and the plaintiff stood near the other, and that after placing the beam upon the rests the plaintiff had nothing to do except to stand by awaiting further instructions. To make the necessary attachment of the beam to the lathe after it was placed on the rests, it was necessary that the end nearest the head should be about two inches from the head of the lathe while an appliance called the dog was adjusted, and that then the beam should be moved up to the head of the lathe. To enable this to be done, it is necessary that the rear rest should be placed so near the head of the lathe that the movement of the beam forward would not draw it from its support at the rear. Hawkins, however, had so placed the rear support that the beam rested upon it only an inch or so; and in making the necessary adjustment to attach the beam to the head of the lathe, he pulled it off the rear support so that it fell and jammed the plaintiff's thumb, which was upon the ways of the lathe.

*David W. Perkins* and *Cyprien J. Belànger* (*Mr. Perkins* orally), for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman (Mr. Wyman* orally), for the defendant.

PEASLEE, J.    There is no claim of any want of care in supplying suitable instrumentalities, work-place, appliances, fellow-servants, rules, and regulations.    As to all these matters it is conceded that the master's duty was performed.    There was nothing abnormal about the method adopted by the defendant for the conduct of its business.    But it is claimed the plaintiff was ignorant of a fact essential to his safety, which the defendant knew or ought to have known, and of which he was not warned.    Hence it is claimed the failure to warn may be found to be the legal cause of the injury. In other words, if the plaintiff had been told that the beam might be pulled off the rear rest by the work Hawkins was doing, he would have kept his thumb off the ways of the lathe.

The plaintiff's case rests upon the proposition that where an accident results from the negligence of a fellow-servant, combined with the plaintiff's ignorance of the details of the work, he may recover upon the ground that he should have been instructed as to those details, so that he might know how to avoid the effect of negligent or purely accidental errors made by those with whom his work brings him in contact.

It is not necessary to now decide whether this is or is not a correct statement of the law.    Assuming that it is, the plaintiff must show facts to which it is applicable.    It is here that his case fails.    The danger was one not likely to be encountered.    It required negligent or accidental error in placing the blocking, failure to notice this fact when the axle was lifted up and placed, and the presence of the helper's hand on the ways of the lathe, directly under the heavy iron he knew the machinist was working upon. There was no occasion for the plaintiff to have his hands in this place.    His sole duty at the time was to stand by awaiting further orders.    Although not familiar with lathe work, he was a black-smith of many years experience and presumably not ignorant of the likelihood that the iron would fall if moved endwise.    He did not know what the machinist would do next.    He did know the slight bearing the bar had at his end.    Plainly, then, it might be expected that he would use some precaution for his own safety.    In view of all these circumstances, it is not reasonable to conclude that all prudent employers would have told the plaintiff before setting him at this work that after the beam was lifted it would be moved

endwise some two inches. Unless there should occur the precise combination of circumstances which this case presents, no harm would result from the plaintiff's lack of knowledge. There was no general danger of accident of which the one happening was but one injurious result of many or even several which might have followed. Precautionary instruction is a duty only so far as there is reason to apprehend danger to those not instructed. It could not be found from the evidence here presented that there was substantial reason to expect the combination of circumstances which in fact occurred. There was no error in the ruling directing a verdict for the defendant.

*Judgment for the defendant.*

BINGHAM, J., dissented: the others concurred.