Coös,.
June 6, 1911.

### BENNETT v. ODELL MANUFACTURING CO.

The plaintiff in an action for negligence is not entitled to a verdict unless he establishes some direct, logical connection between the wrong charged and the injury suffered.

CASE, for personal injuries alleged to have been caused by the defendants' negligence. Transferred from the December term, 1910, of the superior court by *Pike,* J., on the plaintiff's exception to an order of nonsuit.

The defendants maintained a storehouse upon their land in the village of Groveton and kept therein supplies for their logging business, including dynamite and copper caps for exploding the same. The building was kept locked. The defendants were about to make another use of the premises, and on the day of the accident two of their employees were engaged in moving the contents to another place. Ralph Bennett, a boy about nine years old, went to the building, found the door open, saw no one inside, entered, and picked up and carried away some of the copper exploders which he saw lying upon the floor. He took the caps home, placed one on a block, struck it with an axe, and received the injuries complained of. He was not seen at or in the storehouse by any one.

*Libby & Coulombe,* for the plaintiff.

*Drew, Shurtleff & Morris* (with whom was *William H. Newell* of Maine), for the defendants.

PARSONS, C. J. The plaintiff does not contend that recovery can be had for injury to an infant trespasser because of the condition of the defendants' premises, in the absence of active intervention by them. *Hobbs* v. *Company,* 75 N. H. 73; *Buch* v. *Company,* 69 N. H. 257; *Frost* v. *Railroad,* 64 N. H. 220; *Clark* v. *Manchester,* 62 N. H. 577. He claims that the defendants were making an unlawful use of their land in storing explosives upon it, and that such use constituted a nuisance. Conceding this to be so, the danger which would render such use a nuisance is, as stated in the plaintiff's brief, the chance of an explosion which would probably,

have resulted in great loss of property and life.    But no such explosion has occurred.    There is no connection between the wrong charged and the injury suffered, and consequently no ground upon which the defendants can be held chargeable for the injury complained of.    *McGill* v. *Company,* 70 N. H. 125.

*Exception overruled.*

All concurred.