Hillsborough,
Feb. 3, 1920.

### THERESA DOBEK v. AMOSKEAG MANUFACTURING CO.

Precautionary instruction to an employee is a duty only so far as there is reason to apprehend danger to those not instructed.

An experienced employee was injured while attempting to remove with her hand lint which had accumulated close to revolving gears of which she was ignorant. Contrary to her custom and that of other employees, she did not stop the machine or use a brush. Upon the foregoing and other facts, her employer owed her no duty to warn her of the danger to her hand from the revolving gears.

CASE, for negligence. Trial by jury. At the close of the evidence for the plaintiff the court ordered a nonsuit, and the plaintiff excepted. The case was transferred from the January term, 1919, of the superior court by *Branch*, J. The facts relating to the exception appear in the opinion.

*Osgood & Osgood (Mr. Anson G. Osgood orally)*, for the plaintiff.

*Warren, Howe & Wilson and Louis A. Thorp (Mr. Howe orally)*, for the defendant.

WALKER, J. The plaintiff was employed to work on machines called fly-frames, and it was a part of her duty to keep them reasonably clean by removing the cotton lint which accumulated on them when in operation. Usually the cleaning was done when the machines were not in motion by the use of a suitable brush or with waste cotton. A part of the machinery consisted of rolls which, when the power was on, revolved by means of certain gears located in the interior of the machine. There was a covering or guard over them which was intended to keep the lint from them, but which did not entirely conceal them from one who used some degree of care in looking at or examining the machine. At the time of the accident the plaintiff was engaged in cleaning one of the machines, using a

brush for that purpose; when she went around to the back side of the machine she saw, in back of some revolving bobbins, some fifteen inches from the outside frame, a piece of cotton hanging down near the gear covering, and desiring to remove it, instead of using the brush, put her hand in the space between one of the bobbins and the end of the machine, when her thumb was caught in the gears and severely injured.

Her claim is that the defendant was negligent in not warning her of the danger she incurred from the gears, in not informing her of their existence, of which she testified she was ignorant, and in not having them so covered or guarded as to prevent her hand from being caught in them. Upon the issue thus presented, the material inquiry is whether from the evidence reasonable men could find that the defendant failed in its duty to her in the respects indicated. No complaint is made of any defect in the machinery. It was in perfect working order. No abnormal defects existed (*Willis* v. *Company*, 75 N. H. 453) which exposed her to unusual hazard. She had been working for some four years for the defendant upon machines of similar construction to the one upon which she was injured. It does not appear that she had ever before attempted to clean the inside of a machine when in motion in the way she did in this instance, or that others were in the habit of doing so. The apparently safe way of doing the work was either to stop the machine by a simple movement of the hand, which operation she clearly understood, or by using the brush which would reach the bunch of cotton she sought to remove.

Upon these facts it could not be found that the defendant owed her the duty of pointing out to her the existence of the gears in question or of the injury she would receive if her hand came in contact with them. The defendant had no reason to suppose that contrary to her custom and that of the other employees in the mill, she would discard the use of the brush and put her hand into the machine when it was in operation for the purpose of cleaning it. The defendant not only did not require her to do her work in that way but was in no fault for not knowing she was liable to incur that hazard. It follows that a finding of the defendant's breach of duty could not be sustained. "Precautionary instruction is a duty only so far as there is reason to apprehend danger to those not instructed." *Dionne* v. *Company*, 76 N. H. 17, 20; *Morrison* v. *Company*, 70 N. H. 406. If it is assumed, in accordance with the plaintiff's claim that she did not know the gears were there, her ignorance in that respect did not create a duty on the part of the defendant to inform her, since her

employment did not require her to thrust her arm into the operating machine to remove the accumulating lint and dirt. In the absence of any evidence that the defendant expected her to incur that risk, especially when it had provided her with a brush with which she could do the work in safety, it is difficult to understand why it was the defendant's duty to warn her of the danger of doing her work in that way. A finding that the defendant was negligent could not be sustained. *Morrison* v. *Company, supra; O'Hare* v. *Company,* 71 N. H. 104; *Straw* v. *Company,* 76 N. H. 35.

*Exception overruled: judgment for the defendant.*

Peaslee, J., did not sit: the others concurred.