Hillsborough, }
Jan. 3, 1922. }

### EDGAR ROUSSEL v. NASHUA MANUFACTURING COMPANY.

In an action by an inexperienced employee, under the employers' liability act (Laws 1911, *c.* 163), for injuries received in taking down a carding machine, certain evidence warranted a submission to the jury of the questions of the failure to give the plaintiff adequate instructions, of contributory negligence, of the scope of the plaintiff's employment and of his assumption of the risk.

CASE, for negligence.  Trial by jury and verdict for the plaintiff. The defendant had accepted the provisions of the employers' liability act.

The plaintiff was taking down a large and complicated machine known as a card when he was injured.  It consisted of a series of rolls and cylinders driven at different speeds by a complicated system of pulleys, belts and gears.  The power was transmitted to the machine by a belt which ran over a pulley on one end of a cylinder which weighed eight or nine hundred pounds.  The pulleys which drove the different parts of the machine were on the other end of this cylinder.  This machine will run for several minutes after the main belt is thrown off.

The plaintiff had worked on and around machinery for ten or twelve years and had worked on cards for a week or more, some time before the accident, and knew how to stop and start them, but did not know how they were constructed.  While he knew they would run for several minutes after the main belt was thrown off, he did not know that when the doffer is thrown out of gear, the roll known as the lap feeder will stop several minutes before the cylinder known as the licker-in.

The defendants were installing a vacuum system and in order to do that, it was necessary to take down the cards in so far as was necessary to remove both the lap feeder and the licker-in.

The lap feeder is directly over the licker-in and covers it so completely that it cannot be seen until the lap feeder is removed.

On the Thursday before the Monday on which the accident happened, the plaintiff was told to assist one Fortin who was installing the vacuum system; and the only instruction the plaintiff received was to watch Fortin and see how he did the work. Before Fortin began to take down a card, he threw off the main belt and threw the doffer out of gear. He, next, went to the other end of the card and removed the rolls of lap the lap feeder was drawing into the machine and the stands on which these rolls rested. Then he removed the cover from the back of the machine and the weights which held the lap feeder in place. He then removed the cover from the gear which drove the lap feeder and lifted one end of the lap feeder out of the bearing in which it ran and rested it on a shoulder of that bearing. Then he took hold of the middle of that roll with both hands and removed it from the machine. Finally he took hold of one end and the plaintiff took hold of the other end of the licker-in and removed it from the machine. This routine was followed on all the cards the plaintiff saw Fortin take down and in every instance the licker-in was stopped when he removed the lap feeder.

On Monday, the day of plaintiff's injury, Fortin told him to take down a card and to do the work just as he had seen him (Fortin) do it. The plaintiff went to work on a card and did the work as he had seen Fortin do it, but when he attempted to remove the lap feeder, the licker-in was running and he sustained the injury complained of. Transferred by *Branch*, J., from the September term, 1920, of the superior court, on the defendants' exception to the denial of their motion for a directed verdict.

*Henri A. Burque, Wason & Moran* and *De Witt C. Howe (Mr. Burque* and *Mr. Howe* orally), for the plaintiff.

*Lucier & Lucier (Mr. Alvin J. Lucier* orally), for the defendants.

YOUNG, J. The defendants contend that it cannot be found, (1) that they were in fault, (2) that the plaintiff was free from fault, (3) that he was acting within the scope of his employment, or (4) that he did not assume the risk of his injury.

It is the duty of an employer to notify inexperienced employees of all the dangers of the employment of which he either knows or would have known if he had used ordinary care for their safety,

and of which they neither know nor are in fault for not knowing. *Chabot* v. *Company,* 78 N. H. 614; *Olney* v. *Railroad,* 71 N. H. 427.

Although the plaintiff knew the card would run for a short time after the belt was thrown off, he did not know that throwing the doffer out of gear would cause the lap feeder to stop several minutes before the licker-in. Consequently, it can be found that the defendants were in fault for not notifying him of that fact. In short, it can be found that the defendants set a trap for the plaintiff when they told him to throw the doffer out of gear before he began to take down a card without telling him that that would cause the lap feeder to stop several minutes before the licker-in, and that he must ascertain whether it had stopped before he attempted to remove the lap feeder.

The test to determine whether the plaintiff was guilty of contributory negligence, is not to inquire whether he could have ascertained that the licker-in was running before he attempted to remove it but whether the ordinary man would have attempted to remove it when and as he did.

The evidence relevant to that issue tends to prove that the plaintiff was inexperienced and was doing work he was told to do and doing it in the way he was told to do it.

Consequently, it cannot be said that he was guilty of contributory negligence. *Martel* v. *White Mills,* 79 N. H. 439; *Graham* v. *Weber,* 79 N. H. 393; *Weeks* v. *Company,* 78 N. H. 26; *Godsoe* v. *Company,* 75 N. H. 67.

The defendants base their contention, that it cannot be found the plaintiff was acting within the scope of his employment when he was injured, on the fact he was not instructed in terms to remove the lap feeder. It does not follow from that, however, that he was not doing what he was employed to do.

The test to decide that question is not to inquire whether he was told in so many words to do the act in question, but whether the ordinary man in his situation would have understood that he was expected to do it. *Boody* v. *Company,* 77 N. H. 208.

It can be found that Fortin told the plaintiff to take down a card and to do the work just as he had seen him do it and that that was what he was doing when he was injured.

It is obvious that the evidence warrants the jury's finding that the plaintiff was doing what he was told to do and doing it in the way he was told to do it when he was injured.

The defendants had accepted the provisions of Laws 1911, *c.* 163, at the time this accident happened. Consequently, the duty and the

only duty the law imposed on them for the plaintiff's benefit, in so far as this action is concerned, was to notify him of all the dangers of the employment of which they either knew or would have known, if they had used ordinary care for his safety, and of which he neither knew nor was in fault for not knowing.

In other words, it is an answer to this action to show that the plaintiff either knew or ought to have known that the licker-in was running when he attempted to remove the lap feeder, and fully appreciated the risk incident thereto. *Bergeron* v. *Company, ante,* 231.

The plaintiff testified that he thought the licker-in had stopped when he attempted to remove the lap feeder. Consequently, the test to determine whether he assumed the risk of his injury is to inquire whether the ordinary man in his situation and with his knowledge and means of knowledge, would have known that the licker-in was running.

The evidence relevant to that issue tends to prove that a card is a complicated machine, that the plaintiff was without experience and his only knowledge as to how long the licker-in would run, was what he had acquired the previous three days and that in every case in which he had seen a card taken down, the licker-in was stopped when the lap feeder was removed.

It is obvious that it can be found from this evidence that the plaintiff was not in fault for not knowing that the licker-in was running when he attempted to remove the lap feeder.

*Exceptions overruled.*

All concurred.