Rockingham, }
Oct. 2, 1923. }

PASQUALE D'AMBROSIO *v.* BOSTON & MAINE RAILROAD.

The test to determine whether an employee when injured was acting within the scope of his employment is not whether he was expressly told to do the act in question but whether the employer ought to have anticipated that such a man as the employee might do it.

An injury may be found to be one "arising out of and in the course of the employment" where the employee thought he was doing what he was expected to do when he was injured and the employer ought to have anticipated that he would so understand his instructions.

CASE, for personal injuries under the federal employers' liability act. The plaintiff was employed by the defendants as a day laborer and the crew in which he worked was loading scrap with a derrick when the accident happened. He was inexperienced, and all he was told in respect to the work was to take hold of one end of whatever they were loading and steady it and keep it level until the men in the car could reach it. Among the things they were to load was a frog, and they made fast to it in such a way that the plaintiff had to apply his whole weight to keep it level and in so doing was raised several feet from the ground. When the boss saw what he was doing, he told him to let go, and when he did, he sustained the injury complained of.

Transferred by *Allen*, J., on exception to the denial of the defendants' motion for a nonsuit.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Hughes & Doe* (*Mr. Doe* orally), for the defendants.

Young, J. The only questions considered are whether it can be found as a matter of fact that (1) the plaintiff was acting within the scope of his employment when he was injured, and (2) the accident was one arising out of and in the course of his employment.

1. The test to determine whether the plaintiff was acting within the scope of his employment when he was injured is not to inquire whether he was told in so many words to do the act in question, but whether the defendants ought to have anticipated that such a man might do it. *Roussel* v. *Company*, 80 N. H. 254.

If it can be found as a fact, it cannot be said as a matter of law that an inexperienced man who had been told to steady whatever they were loading and keep it level might not have understood he was expected to do what the plaintiff did.

In other words, it can be found that the plaintiff was· acting within the scope of his employment when he was injured, for it was necessary for him to do as he did if he were to keep the frog level. The cases on which the defendants rely (*McGill* v. *Company*, 70 N. H. 125; *Morrison* v. *Company*, 70 N. H. 406; *Dionne* v. *Company*, 76 N. H. 17; *Straw* v. *Company*, 76 N. H. 35; *Richardson* v. *Company*, 77 N. H. 187; *Dobek* v. *Company*, 79 N. H. 360) do not sustain their contention. What they hold and all they hold is that there was no evidence in any of those cases to warrant a finding that the defendants ought to have anticipated that the plaintiff might do the act in question, while in this case the evidence warrants such a finding.

2. If the term "arising out of and in the course of the employment" is to be given its ordinary meaning or any meaning of which it is fairly capable, it is obvious that the plaintiff was injured in such an accident, for it can be found that he thought he was doing what he was expected to do when he was injured, and that the defendants ought to have anticipated that he would so understand his instructions.

In other words, it can be found that he was "on duty" when the accident happened. *North Carolina Railroad* v. *Zachary*, 232 U. S. 248; *Barber* v. *Company*, 79 N. H. 311; *Wheeler* v. *Corporation*, 77 N. H. 551.

All concurred.                                        *Case discharged.*