Rockingham, }
Jan. 4, 1927. }

HARRY E. SAUNDERS *v.* BOSTON & MAINE RAILROAD.

When an alleged cause is clearly no more than the occasion on which any cause operated to produce the result, no question of proximate cause is presented.

Whether an agent is acting within the scope of his employment depends upon whether the ordinary man in the situation presented would have reasonably understood that he was expected to perform the act in question.

A motorman in attempting to extricate from beneath the wheels of his car an injured pedestrian may properly be found to be acting within the scope of his employment.

Actionable negligence cannot exist where there is no duty; and such duty cannot be found without evidence, nor merely from the fact of injury.

An electric passenger railway is not required to equip its cars with jacks in anticipation of accidents and in order to avoid the overstrain of its employees in lifting its cars in making rescues therefrom.

In an action for negligence by an employee against his employer under the employers' liability act, assumption of the risk is not a defense in the absence of evidence that the defendant had accepted the act as provided by Laws 1911, c. 163, s. 3.

CASE, for negligence to recover for personal injuries incurred in the defendant's employ. Transferred by *Sawyer*, C. J., on the plaintiff's exception to an order of nonsuit. The facts appear in the opinion.

*William H. Sleeper* and *Oliver W. Marvin (Mr. Sleeper* orally), for the plaintiff.

*George T. Hughes* and *Stanley M. Burns (Mr. Burns* orally), for the defendant.

SNOW, J. The plaintiff was employed to operate a one-man car upon the defendant's electric street railway, running out of Portsmouth. He claims to have suffered a rupture while lifting with others, in tilting a car to release one Rollins, a pedestrian, who had been run upon and wedged beneath the wheel guard.

The accident occurred on March 20, 1923. The action is subject to the provision of section 2 of the employers' liability act (Laws 1911, c. 163), there being no evidence that the defendant had filed a declaration under section 3 thereof. *Spilene* v. *Company*, 79 N. H. 326. Assumption of the risks incident to the plaintiff's employment is not a defense.

The negligence alleged is the defendant's failure to equip the car (1) with a fender or life guard and (2) with a jack.

1. The car had originally been equipped with a fender, of a type in common use in that section. It was so designed as to drop upon the rail when it came in contact with an object on the track, or whenever the motorman, observing such an object, should step upon a tripper pin in the vestibule floor. The fender had been removed because of trouble due to snow and ice, and the car had been operated by the plaintiff in this condition for more than a year. The plaintiff claims that the presence of a fender would have prevented the accident to Rollins, and thus obviated the necessity of tilting the car, assisting in which act the plaintiff ruptured himself.

It is unnecessary to consider the questions whether on the evidence it could be found that the defendant owed the operator a duty to maintain a fender under the conditions that existed, and that a fender would have prevented the accident to the pedestrian; or the further question, whether, on the record, it was "made to appear by a preponderance of evidence that the negligence of the plaintiff contributed" to the accident (Laws 1911, *c*. 163, *s*. 2); for in any event the accident which had happened to Rollins constituted no more than the occasion for the subsequent action taken to remove him.

Whether an alleged cause is remote or proximate is generally a question of fact. *Ela* v. *Company*, 71 N. H. 1, 3; *Derosier* v. *Company*, 81 N. H. 451, 462, and cases cited. When, however, such alleged cause is clearly no more than the occasion on which other causes operated to produce the result no question for the jury is presented. *Lancaster & Jefferson Electric Light Company* v. *Jones*, 75 N. H. 172, 180, and cases cited; *Gage* v. *Railroad*, 77 N. H. 289, 295; *Caher* v. *Railway*, 75 N. H. 125, 126, and cases cited; *Bennett* v. *Company*, 76 N. H. 180, 181; *Deschenes* v. *Railroad*, 69 N. H. 285, 290. When in the sequence of events successive causes which operate to produce a given result cease to be the occasion and become proximate to such result, may sometimes be difficult of determination. The situation here, however, presented no nice question. Reasonable men could come to only one conclusion. The car had come to a stop, with the pedestrian pinned beneath it. The plaintiff now stood safely upon the ground. A new stage had been set in which the want of a protecting device designed to avoid the hazard of running upon travelers could play no part. All danger to the motorman arising from the want of a fender, if any, had ceased without any injury to him. It is not claimed that the absence of the fender in any way enhanced the danger of rescue.

2. The plaintiff, acting on the suggestion of a bystander, started for a nearby garage to secure a jack, but turned back upon receiving advice that an automobile jack would be inadequate. Accepting the voluntary assistance of men attracted to the scene of the accident, the plaintiff with their aid succeeded in tilting the car sufficiently to allow the removal of Rollins. It was while so engaged the he claims to have received his injury.

The defendant's contention that the plaintiff's duty was confined solely to the operation of the car, and that, therefore, he was not acting within the scope of his employment in attempting a rescue, is without merit. No such limitation can be fixed as a matter of law. He had been sent out in charge of the car. The extent of his duties, within limits not here involved, presented a question of fact. The test to determine whether he was acting within the scope of his employment in attempting to rescue Rollins, is to inquire whether the ordinary man in the situation presented would have reasonably understood that he was expected to do so. *Roussel* v. *Company*, 80 N. H. 254, 256; *D'Ambrosio* v. *Railroad*, 81 N. H. 119, 120; *Ducas* v. *Company*, 81 N. H. 543, 545. The cases on which the defendant relies (*McGill* v. *Company*, 70 N. H. 125; *Morrison* v. *Company*, 70 N. H. 406; *Danforth* v. *Fisher*, 75 N.H. 111; *Dionne* v. *Company*, 76 N.H. 17; *Straw* v. *Company*, 76 N. H. 35; *Richardson* v. *Company*, 77 N. H. 187; *Dobek* v. *Company*, 79 N. H. 360; *Manning* v. *Railway*, 80 N. H. 404) do not sustain its contention. In no one of these cases was there evidence from which it could be found that the plaintiff, there, could have reasonably understood that he was expected to do what he did. *D'Ambrosio* v. *Railroad*, *supra; Hussey* v. *Railroad*, *ante*, 236, 238. Here the plaintiff was charged with such responsibility as the defendant had toward passengers and pedestrians growing out of the operation of the car placed in his charge. It could be found that the ordinary man in the plaintiff's situation would have understood that his employer would expect him to do what he reasonably could to extricate the man he had run down. He was not called upon, before acting, to weigh and determine with nicety, whether or not under the circumstances of the injury to Rollins, a jury would probably find the railroad liable for damages. It was sufficient that an ordinary person in his situation would have understood that the interest of his employer required of him reasonable effort to prevent such a claim, or to minimize the damages for which the employer might be liable. *Carpenter* v. *Company*, 80 N. H. 77, 78, 79. It could be found, therefore, that the plaintiff, in seeking to

release Rollins from his perilous position, was acting within the scope of his employment.

This conclusion makes it necessary to consider the plaintiff's further contention that the defendant owed him a duty to equip its cars with jacks. Actionable negligence is a breach of duty owed by the defendant to the plaintiff. Where there is no duty there is no negligence. *Brody* v. *Gilbert, ante,* 158, 159. The question presented is whether physical injury to its employees in rescue work was a foreseeable danger against which it was the master's duty to provide a jack as a safety device. *Zajac* v. *Company,* 81 N. H. 257, 260. Such a duty cannot be found without evidence. *Gage* v. *Railroad,* 77 N. H. 289, 295; *Dingman* v. *Merrill,* 77 N. H. 485, 486, and cases cited. No presumption arises from the fact of injury. *Gahagan* v. *Railroad,* 70 N. H. 441, 444. The sole evidence in support of the alleged duty was the testimony of the plaintiff that he "had jacks on the Shore Line Electric Railroad" in Connecticut where he had at one time worked and that he had "seen jacks carried on cars in Massachusetts." There was no evidence of the purpose for which such appliances were carried. For anything that appears, they may have been provided to meet some special emergencies, or to comply with statutory requirements. Such testimony is not evidence upon which a jury may be allowed to find that this defendant owed this plaintiff a duty to equip its cars with jacks to relieve him from the potential danger of overexertion. Nor have occasions for extricating pedestrians from under electric cars been of such common occurrence that a jury may be allowed to find from their common knowledge that a person of ordinary prudence, operating an electric railway, would equip its cars with jacks in order to avoid overstrain of its employees in lifting or tilting its cars in making rescues. As well might the jury be permitted to find from their common knowledge that ordinary care required the defendant to equip its trains with a wrecking car, manned by an adequate crew, to save strain upon its trainmen in rendering aid in case of accidents. It is manifest that the common experience of mankind cannot be drawn upon to such an extent.

As it cannot be found that the defendant owed the plaintiff the duty to provide a jack as part of the tools of his employment, no claim can be predicated upon its failure to do so, and the plaintiff's case fails for want of evidence.

This determination makes it unnecessary to consider the question whether the plaintiff's rupture, produced by overlifting, was

proximately due to the want of a jack, and it has not been considered.

The defendant's motion for a nonsuit was properly granted.

*Judgment for the defendant.*

All concurred.