ZEIDMAN v. GUTTERSON & GOULD, Inc.
No. 3922.

Circuit Court of Appeals, First Circuit.
Nov. 3, 1943.
Rehearing Denied Dec. 2, 1943.

William H. Sleeper, of Exeter, N. H., for appellant.

Walter A. Calderwood, of Dover, N. H. (Stanley M. Burns and Hughes & Burns, all of Dover, N. H., on the brief), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and WYZANSKI, District Judge.

WOODBURY, Circuit Judge.

This is an appeal by the plaintiff from a judgment entered for the defendant on a verdict directed for it in an action on the case for negligence. This action was brought by the plaintiff in the appropriate court of the State of New Hampshire but removed to the court below by the defendant, there being diversity of citizenship and the requisite amount in controversy.

It appears from the evidence in the record that George A. Hoffman, who for convenience will be referred to hereinafter as the plaintiff, was employed by the de-

fendant as a "general helper" in its wholesale junk yard in Portsmouth, New Hampshire, a place where it collected old metal, sorted it, and loaded it onto railroad freight cars for shipment. On the date of his employment the plaintiff was seventeen years old. On that day while engaged in striking with a sledge hammer on a cold chisel held by another employee he was struck in the eye and severely injured by a piece of flying metal. He contends that there is evidence from which a jury could reasonably find that the defendant negligently failed to warn, caution and instruct him with respect to the work he was doing when he was hurt and negligently failed to provide him with goggles for protection while doing it. The defendant, in addition to denying the foregoing and asserting that the evidence establishes that plaintiff was negligent himself and had assumed the risk, says that it owed the plaintiff no duty whatever at the time he was injured because on the evidence it cannot in reason be found that he was then acting within the scope of his employment. The court below directed a verdict for the defendant solely on this latter ground.

■ In New Hampshire the test to determine whether an employee was acting within the scope of his employment when he was injured "is not to inquire whether he was told in so many words to do the act in question, but whether the ordinary man in his situation would have understood that he was expected to do it." Roussel v. Nashua Mfg. Co., 80 N.H. 254, 256, 116 A. 441, 442. See also D'Ambrosio v. Boston & M. R. R., 81 N.H. 119, 120, 124 A. 551; Saunders v. Boston & M. R. R., 82 N.H. 476, 478, 136 A. 264, 50 A.L.R. 367. To apply this test we turn to the testimony in the record.

From that testimony it appears that the plaintiff was hired at about seven o'clock in the morning and that the defendant's foreman immediately put him to work with and under the direction of one Iman on a power operated shear used to cut up metal. Iman, it appears, was an experienced employee and the plaintiff's uncle. With the exception of time out to eat they continued at this work until shortly before two o'clock in the afternoon when the defendant's foreman called the plaintiff into the office to obtain his social security number and certain other data needed to make up the payroll. When the plaintiff returned to the floor of the shop he noticed that the

shear upon which he had been working was no longer in operation and that his uncle was some distance away cutting up metal with a torch. Observing another experienced employee, one Thompson, holding a cold chisel in position for striking on a gear mounted on a shaft, and a sledge hammer on the floor near by but no one around to use it, he picked 'up the hammer, struck the chisel with it, and received the injury for which he seeks to recover. So much is not in dispute.

The defendant bases its contention that it was no part of the plaintiff's work to do what he was doing when he was injured on the testimony of its foreman and Iman, both of whom testified that when the plaintiff was hired he was told by the foreman to stay with Iman and work with him and under his direction throughout the day. On the basis of this testimony the defendant asserts that all reasonable men must conclude that the plaintiff was acting in disobedience of orders when he was hurt, and so at that time was a mere volunteer to whom it owed no duty of care whatever.

■ We cannot adopt the defendant's contention because the plaintiff's testimony conflicts with that of Iman and the defendant's foreman. The plaintiff admits that when he was hired he was told to start out as helper to his uncle on the shear, but he denies that he was told to continue to work with his uncle all day. And he says that during the morning he had observed that other workmen in the shop changed jobs as occasion demanded without orders from the foreman. So he says that when he came down from the office and saw the shear shut down and his uncle at work elsewhere, apparently without need of an assistant, and Thompson holding a cold chisel in position for use on a piece of metal to be broken up but no one around to strike it for him, he supposed he ought to do what, according to his observation any other man in the shop would have done, that is, go over and help Thompson. It seems to us that fair-minded men might arrive at opposite conclusions on the testimony briefly summarized above, and in consequence the question of whether or not under the New Hampshire test the plaintiff was acting within the scope of his employ-ment when he was injured should have been put to the jury.

The judgment of the District Court is vacated with costs to the appellant, the verdict is set aside and the case is remanded to

that court for further proceedings not inconsistent with this opinion.

On Petition for Rehearing.

WOODBURY, J.

On petition for rehearing the defendant contends that even though the court below erred in directing a verdict for the defendant on the ground that it owed no duty of care to the plaintiff at the time he was injured, still on this appeal we should affirm the order of the court below, because that order can be supported on the ground of lack of evidence of the defendant's negligence and conclusive evidence of the plaintiff's assumption of the risk and contributory negligence. We do not agree. It seems to us that because of the plaintiff's youth and inexperience, if for no other reason, the evidence in the record before us is sufficient to invoke a determination of these issues by a jury.

The petition for rehearing is denied.