**Paul R. FERNBERG, etc., et als.,
Plaintiffs, Appellants,**

v.

**T.F. BOYLE TRANSPORTATION INC.,
et al., Defendants, Appellees.**

**No. 89–1376.**

United States Court of Appeals,
First Circuit.

Heard Oct. 4, 1989.
Decided Nov. 27, 1989.

Stephen E. Borofsky, with whom John M. Lewis and The Legal Clinics, Professional Ass'n, Manchester, N.H., were on brief, for plaintiffs, appellants.

Michael L. Alfano, Manchester, N.H., with whom Ralph R. Woodman, Jr. and Boynton, Waldron, Doleac, Woodman & Scott, Portsmouth, N.H., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, TIMBERS,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TIMBERS, Circuit Judge:

Appellants Paul R. Fernberg, administrator of the estate of Jeremy P. Fernberg, and Paul R. Fernberg and Maureen F. Fernberg, individually (collectively "appellant"), appeal from a judgment entered February 1, 1989 in the District of New Hampshire, Shane Devine, *Chief District*

---

* Of the Second Circuit, sitting by designation.

*Judge*, upon a verdict in favor of T.F. Boyle Transportation, Inc. ("Boyle") and David M. Donaghue ("Donaghue") in a wrongful death action arising from a motor vehicle accident.

Appellant raises several issues, contending that the district court misinterpreted and misapplied negligence law and made findings of fact and rulings of law inconsistent with the evidence at trial. We find, and appellant's counsel at oral argument asserted, that the chief claims of error are: (1) that the district court erred in its general formulation of the standard of care owed by the motor vehicle operator to decedent; (2) that the district court erred in its formulation and analysis of the foreseeability and causation issues; and (3) that the district court's findings as to how the accident occurred are not supported by the evidence.

We affirm.

I.

We shall summarize only those facts believed necessary to an understanding of the issues raised on appeal.

This unfortunate accident occurred on September 2, 1983. Jeremy P. Fernberg, an eleven year old boy, was riding his bicycle in a northerly direction on Grafton Road, Pease Air Force Base, New Hampshire. His destination was the base commissary. At the same time, Boyle's tractor trailer unit was being operated by its employee, Donaghue, also in a northerly direction on Grafton Road. As the tractor trailer was passing Jeremy on his bicycle, the bicycle fell under the right rear trailer wheels, killing Jeremy.

The scene of the accident was an asphalt-paved highway twenty-two to twenty-three feet in width. It was divided into two travel lanes by a painted double yellow line. Its paved extremities were marked by six-inch wide painted white lines. There were no gravel or paved shoulders. In the area of the accident, abutting the extreme easterly edge of the highway, was a two- to four-inch drop to the dirt area immediately below. The accident was witnessed by three people other than Donaghue: two

motorists who were traveling northbound, directly behind Donaghue, and one motorist who was traveling southbound, several hundred feet ahead of the tractor trailer unit. Donaghue and the three motorists testified at trial.

The accident occurred at 11:20 A.M. on a clear sunny day. The pavement was dry. Jeremy Fernberg was riding his bicycle close to the easterly edge of Grafton Road. The posted speed limit was 35 miles per hour. At all relevant times, Jeremy's bicycle speed was five to ten miles per hour. As the tractor trailer approached from Jeremy's rear, he turned his head and observed it. The tractor trailer never exceeded 30 miles per hour. It pulled out to pass the bicycle, with a substantial portion of both tractor and trailer in the southbound lane. As the tractor trailer passed Jeremy, its right side was never closer to the east side of Grafton Road than five and one-half feet. When Donaghue pulled out to pass, there were no northbound vehicles ahead of his truck. The nearest southbound vehicle, operated by Sgt. Benny Ross, was at least four hundred and fifty feet ahead of the tractor trailer.

While the trailer portion of the unit was passing Jeremy, his glasses (which were new) fell off. He grabbed for them. In doing so, one bicycle wheel dropped off the easterly edge of the pavement. Jeremy tried to correct the bicycle's course by turning left and pedaling, but the momentum caused him and the bicycle to be propelled under the right rear wheels of the trailer unit. Donaghue saw the erratic movement of the bicycle in his right side mirror. As the bicycle disappeared from view, Donaghue immediately applied his emergency brakes, got out of the tractor and ran back to where Jeremy and the bicycle were under the trailer. Jeremy was later pronounced dead at the hospital that same day.

Paul R. Fernberg, administrator of the estate of Jeremy P. Fernberg, and Paul R. Fernberg and Maureen F. Fernberg, individually (the decedent's parents), commenced a wrongful death action in the United States District Court pursuant to

N.H. Rev.Stat.Ann. ch. 556:12 (1974) ("wrongful death statute").[1] Appellant alleged that Donaghue, in the course of his employment by Boyle, ran over and killed decedent with his tractor trailer unit while negligently attempting to pass decedent on the highway. Prior to the conclusion of the trial, appellant agreed to a voluntary dismissal of his claim against Donaghue. Also prior to the conclusion of the trial, the district court dismissed the individual claims of Paul and Maureen Fernberg for the loss of decedent's society.

The trial began as a jury trial. After the completion of appellant's case and during cross examination of Donaghue by appellant's counsel, however, the fact of appellees' insurance was disclosed.[2] Boyle's counsel moved for a mistrial, which the district court granted. Appellant's counsel then suggested that the case proceed as a bench trial. The court informed counsel that, if the case proceeded as a bench trial, a decision would not be rendered for at least six months, and a substantially longer period would be required unless a transcript was ordered. After consideration, appellant's counsel agreed to a bench trial. The trial was concluded on June 6, 1986. The opinion was filed on February 1, 1989. The district court found, by a preponderance of the evidence, that Boyle, acting through its employee Donaghue, was not negligent since Donaghue did not breach any duty of care owed to decedent.

On appeal, appellant raises a large number of issues. We address only those set forth in the second paragraph of this opinion.[3]

## II.

■ The district court in its opinion stated the applicable standard of care owed by Donaghue to decedent as follows:

"The essential elements of a cause of action grounded in negligence are a negligent act on the part of the defendant, resulting harm to the plaintiff, and causal connection between the negligence and the harm. *Duncan v. Lumbermen's Mut. Casualty Co.*, 91 N.H. 349, 351, 23 A.2d 325, 326 (1941); *White v. Schnoebelen*, 91 N.H. 273, 275, 18 A.2d 185, 186 (1941). Defendant must breach a duty of care owed by him to plaintiff, and such breach must be the proximate cause of injuries to plaintiff. *Weldy v. Town of Kingston*, 128 N.H. 325, 330, 514 A.2d 1257, 1260 (1986)".

Appellant challenges this formulation of the standard of care, asserting that the court simply articulated the law school standard definition of negligence without formulating the standard in the context of this case. He contends that under the circumstances Donaghue should have observed greater caution in passing decedent on his bicycle and should have been held to a higher duty of care.

We find no merit in this claim of error. The district court correctly relied on New

---

1. The New Hampshire wrongful death statute provides:

   "If the administrator of the deceased party is plaintiff, and the death of such party was caused by the injury complained of in the action, the mental and physical pain suffered by the deceased in consequence of the injury, the reasonable expenses occasioned to his estate by the injury, the probable duration of his life but for the injury, and his capacity to earn money during his probable working life, may be considered as elements of damage in connection with other elements allowed by law, in the same manner as if the deceased had survived".

   N.H.Rev.Stat.Ann. ch. 556:12 (1974).

2. Appellant's counsel asked Donaghue whether he remembered giving a statement to Mr. Lynch, who was referred to as the insurance

   adjuster in Donaghue's deposition taken by appellant's counsel. Donaghue replied by asking whether Mr. Lynch was the "insurance" adjuster. The cryptic relevant portion of the colloquy was:

   "Counsel: Let me show you something, which is a recorded statement taken by a gentleman named Lynch of you and Mr. Boyle. Do you recall that statement?
   Donaghue: I think I do. Was he the insurance—"

3. Appellant also contends that the district court erred in declaring a mistrial because of the disclosure of insurance while the case was being tried before a jury. It was appellant's counsel who suggested that the case proceed as a bench trial, and he specifically agreed to so proceed. This ends the matter.

Hampshire cases in support of its statement of the applicable elements of negligence and concept of care.[4]

In short, we hold that the district court did not err in its general formulation of the standard of care owed by Donaghue to decedent.

### III.

■ We turn next to appellant's contention that the district court erred in its formulation and analysis of the foreseeability and causation issues.

The district court found that there were two concurring causes of this tragic accident.

"Initially came the loss of eyeglasses and the normal reaction of decedent in trying to save them. This was followed in close order by the bicycle's leaving the pavement and the natural reaction of Jeremy to attempt to cause it to resume normal operation by turning to the left and pedaling. Neither of these concurrent causes of the accident was foreseeable by or within the control of Mr. Donaghue.... Simply put, the presence of the defendant's tractor trailer was an occasion, and not a cause of the injuries and damages here complained of. *Sanders v. Boston & Maine R.R.*, 82 N.H. 476, 477, 136 A. 264 (1927)."

Appellant essentially contends that the district court, in analyzing decedent's conduct at the time of the accident, failed to discuss the effect of Donaghue's conduct on decedent. He argues that the district court failed to consider the foreseeability and causation issues as presented to it by appellant.[5] We disagree.

The district court's failure to address at length appellant's view of the accident does not constitute reversible error. Moreover, proximate cause generally is considered a question of fact. *Marshall v. Nugent*, 222 F.2d 604, 611 (1st Cir.1955); *Sanders v.*

*Boston & Maine R.R.*, 82 N.H. 476, 477, 136 A. 264, 264–65 (1927). Consequently, the district court's finding as to proximate cause is reviewed under the clearly erroneous standard. Here, the district court, in finding that Donaghue's conduct did not proximately cause decedent's death, accepted the testimony of Boyle's expert, Marvin Specter, and rejected the testimony of appellant's expert. Since the court's finding was based on its decision to credit the testimony of Boyle's expert, we decline to disturb it. *See Anderson v. Bessemer City*, 470 U.S. 564 (1985).

We hold that the district court did not err in its formulation and analysis of the foreseeability and causation issues. We also hold that the court's finding that Donaghue did not casually breach any legal duty owed by him to decedent was not clearly erroneous.

### IV.

■ This brings us to appellant's contention that the district court's findings as to how the accident occurred are not supported by the evidence. We review the findings under the clearly erroneous standard and give "due regard ... to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). We will reverse the district court's findings only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Appellant contends that the district court relied too heavily on the testimony of Marvin Specter, Boyle's expert witness who testified that the accident was not caused by Donaghue. Appellant claims that the court failed to consider, or even mention, the testimony of his expert, Murray Segal, whose testimony refutes the court's analy-

---

**4.** In his brief, appellant relies on cases in other jurisdictions for the proposition that Donaghue owed a higher duty of care to decedent than the normal standard. Appellant has not cited, nor have we found, any New Hampshire cases that support this proposition.

**5.** Appellant, relying on the testimony of his liability expert, Murray Segal, asserts that Donaghue's conduct proximately caused decedent to lose control of his bicycle and to come out into the road.

sis of how the accident occurred. This claim must fail. Where there are two permissible views of the evidence, we will not reverse the district court's account of the evidence unless such account is clearly erroneous. *Anderson v. Bessemer City, supra*, 470 U.S. at 574. Here, in view of Specter's testimony, the district court's account is not clearly erroneous.

We are not left with a definite and firm conviction that a mistake has been made. We hold that the evidence supports the district court's findings as to how the accident occurred.

### V.

To summarize:

We hold that the district court did not err in its general formulation of the standard of care owed by Donaghue to decedent. We also hold that the court did not err in its formulation and analysis of the foreseeability and causation issues. Moreover, we hold that the court's determination of the causation issue, which was based on its decision to credit the testimony of Boyle's expert witness and to reject that of appellant's, is not clearly erroneous. Similarly, we hold that the court's findings as to how the accident occurred are not clearly erroneous. We therefore affirm the judgment of the district court.[6]

AFFIRMED.

[6] In addition to the three claims of error which we have ruled upon above, appellant has raised numerous other claims of error, including the district court's holding that Donaghue's conduct did not constitute negligence per se; the court's failure to consider certain theories of liability advanced by appellant; the court's finding that Donaghue did not violate state statutes which govern the overtaking and passing of vehicles; the court's finding that Donaghue kept a proper lookout; the court's failure to find that Donaghue's speed and failure to sound his horn to warn decedent constituted a breach of duty; the court's disallowance of an accident view; the court's taxing costs against Paul and Maureen Fernberg individually; the court's two and one-half year delay in filing its opinion; and the court's pretrial ruling that damages for loss of enjoyment of life are not recoverable under New Hampshire's wrongful death statute.

We have carefully considered and rejected each of these claims with two exceptions. Since this case was decided on the issue of liability only, we do not reach the question of whether the district court erred in finding that damages for loss of enjoyment of life are not recoverable under New Hampshire's wrongful death statute. Nor do we reach the question of whether the district court properly taxed costs against Paul and Maureen Fernberg individually, since counsel informed us at oral argument that they have stipulated as to this.