## COLLEY v. STANDARD OIL CO. OF NEW JERSEY.

### No. 5507.

Circuit Court of Appeals, Fourth Circuit.

Nov. 14, 1946.

C. T. McDonald, of Florence, S. C. (McDonald & McGowan, of Florence, S. C., on the brief), for appellant.

Jack Wright, of Florence, S. C. (Royall & Wright and P. H. McEachin, all of Florence, S. C., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and HARRY E. WATKINS, District Judge.

DOBIE, Circuit Judge.

Mrs. Frances R. Colley, as administratrix of the estate of W. M. Colley, deceased, has taken this appeal from the entry of judgment for defendant, Standard Oil Company of New Jersey, in accordance with the jury's verdict, in an action brought by her in the United States District Court for the Eastern District of South Carolina, to recover damages for the alleged wrongful death of her husband, W. M. Colley. The said W. M. Colley was engineer in charge of the locomotive of a Seaboard Air Line freight train, and died from injuries received when his train collided with a gasoline tank truck, owned and operated by the defendant, at a grade crossing in the town of Mullins, South Carolina.

The errors urged on this appeal are that certain photographs offered as exhibits by the plaintiff were rejected; that certain photographs offered by defendant were admitted, over plaintiff's protest, although they had been altered artificially; and that prejudicial errors were made in the judge's charge to the jury.

With respect to the first of these alleged errors, it is necessary to consider the entire record rather than merely the particular exhibits in question. Much of the testimony was concerned with the exact lay of the land in the vicinity of the accident and both sides offered photographs of the scene as exhibits. The particular photographs in question were offered in an effort to show the view of the railroad track, as it ap-

proached the crossing, from various points along the street leading up to the crossing. Defendant objected to the admission of the photographs because the photographer who took them was not present to identify them, subject to cross-examination, and also because they showed an unidentified train approaching on the track. The trial judge rejected the photographs, giving as his sole reason the fact that they did not include the actual point of collision. He did not pass on defendant's objections specifically and did allow the admission of another photograph, offered by the plaintiff at the same time, which did show the point of collision.

While it is necessary that a photograph, to be introduced in evidence, must be fully and carefully identified by a competent witness, there does not seem to be any basis for arbitrary exclusion for the sole reason that the scene of the collision was not included in the scope of the picture. And it may be noted that the judge does not seem to have applied the same standard in passing on other exhibits offered at later points in the trial, e. g., Exhibits D-B through D-E, D-G, and D-J through D-W.

Taken by itself, the exclusion of these exhibits might seem to constitute reversible error. But our decision cannot be based on this alone. In this case, an examination of other exhibits which were admitted discloses photographs (e. g., Exhibits D-J, D-L, D-O, D-P, D-Q and D-V) of the same area which was shown in the photographs which were excluded. And admittedly, these other photographs were fully identified, so that there was no reason for doubt in the jury's mind as to their identity and the view which they presented. Further, two plats were admitted as exhibits which clearly portrayed the entire area. In this state of the record, it is clear that the exclusion of these particular photographs, for whatever reason, could not have prejudiced the plaintiff or constituted reversible error.

The second principal error alleged is the admission of certain altered photographs offered by the defendant (Exhibits D-K and D-R through D-U). All these photographs pictured the view to the North of the crossing (the train involved in the accident came from the South), in the direction toward which the truck driver testified he was paying most attention as he approached the crossing. It was shown that a street paralleling the railroad to the North made a right angle intersection with Front Street, on which the truck was proceeding, just a few feet before the grade crossing was reached. A store building, which was claimed to have obstructed the truck driver's view of approaching traffic on this intersecting street, had been located on this corner, but was completely destroyed in the fire which ensued from the collision. Accordingly, the defendant's photographs which are here in question were altered by blanking out entirely the area which was alleged to have been occupied by this store.

Plaintiff objected to the admission of these photographs on two grounds: that they did not constitute a true representation of the scene and that they did not conform to the judge's earlier ruling that photographs to be admitted must show the scene of the accident. These objections were overruled and the photographs admitted without any explanatory comment by the judge.

We have already indicated our unwillingness to approve the second of these objections. As to the first, we are unable to conclude that plaintiff was in any way prejudiced. This was no case of hypothetical or experimental alterations in support of some theory. Here it was only an effort to make the photographs show, as nearly as was possible after the fire, what view of oncoming cars (or trains) there was in that particular direction at the time of the accident. An unaltered photograph would not have shown this and would probably have created a much more erroneous impression of the scene than could have been obtained from these altered photographs. The contention in appellant's brief that the blanked-out area in these photographs is mere theory and not accurate was not urged at the trial. The assumptions upon which this contention is based are not borne out in the light of the detailed testimony of the photo-

grapher, which was not challenged on cross-examination.

■ The remaining errors urged by the appellant all concern the judge's charge to the jury. The judge's "refusal" to submit "the issue of wilfulness, recklessness and wantonness or gross negligence on the part of appellee's truck driver" to the jury, the charging of appellee's first and second requests, and the statement in the charge that "both (the truck and the train) had a right-of-way on that crossing" are all complained of. The short answer to these objections is contained in Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Here counsel for appellant not only failed to make any affirmative objection, but, when asked by the trial judge if he had any objections to the charge, responded "No, Sir." Appellant seeks to avoid the force of this rule by a statement that he was given no opportunity to object out of the hearing of the jury. The record shows unmistakably that he asked for no such opportunity. Accordingly, this argument is unavailing.

In this state of the record, we are precluded from further consideration of these assignments of error. However, we analyze them briefly, with reasons for our conclusion that they would not constitute reversible error, even if timely objection had been made.

We have been unable to discover anything in the record which would correspond to the alleged "refusal" to submit the issue of wantonness, etc., to the jury. No request for any such instruction was ever made and the only passage in the record even remotely on this point was the granting by the judge of a motion by defendant to withdraw the issue of punitive damages from the jury. This motion was made and passed upon without any reference to wantonness and with only the simple statement that "I shall instruct the jury that in my opinion there is not sufficient evidence to warrant punitive damages." This conclusion is in accord with our reading of the record, and, as noted above, no exception or objection was made by appellant's counsel. Accordingly, this entire allegation of error, as stated, appears pointless and devoid of any foundation in the record.

■ The second objection to the charge is to instructions requested by the defendant that a traveler approaching a crossing is not required to look at the precise time and place when and where looking would have been of the most advantage, and that the traveler is charged with the duty of looking in both directions before entering upon a grade crossing. These instructions cannot be interpreted out of context, as appellant seeks to do.

The charge, taken as a whole, gave the jury what seems to us a full and fair picture of the entire situation, of which the information in these instructions was only a very small part, but a part appropriate to the facts of this case. We do not find that the judge's charges misstated the law applicable to this case on these points.

The last of these alleged errors in the charge involves another misquotation of the charge given. Appellant objects to the charge that "neither party had the right-of-way at the crossing." No such statement appears. The reference apparently is to the following passage: "You have heard the testimony, and there are many pictures and plats here showing what opportunity the railroad crew had to see him and he had to see the railroad crew. They both had a right-of-way on that crossing; they both had a right to go through that crossing."

■ It does seem that the use of the phrase "right-of-way" in this context is somewhat unfortunate. But the judge's obvious meaning was made unmistakably by the second half of this same sentence. Certainly, we cannot say that a single casual misuse of a technical term, immediately restated and clarified, is prejudicial error, particularly when weighed in the light of the entire context.

In summary, we conclude that the plaintiff was not prejudiced by the exclusion of certain proffered exhibits; that the admission of other exhibits over objection was

not error; that the judge's charge, taken as a whole, was fair and proper; and, finally, that plaintiff will not now be heard to object to minor details in this charge, when no objection whatever was made at the time.

The judgment of the District Court must be affirmed.

Affirmed.