## BLAIR v. CULLOM.
### No. 221, Docket 20939.

Circuit Court of Appeals, Second Circuit.
May 7, 1948.

Appeal from a judgment of the District Court for the Southern District of New York.

Action by Eli J. Blair against Neil P. Cullom for legal services. Judgment for defendant and plaintiff appeals.

---

Charles J. Lane, of New York City (Eli J. Blair, of New York City, of counsel), for plaintiff-appellant.

Neil P. Cullom, of New York City (Neil P. Cullom, Francis J. Ryan, Jr. and Huyler Held, all of New York City, of counsel), for defendant-appellant.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a lawyer residing in New Jersey who sued the appellee, a lawyer residing in New York, to recover the value of certain legal work he did for him. Diversity is the ground of federal jurisdiction.

The suit was tried to a jury in the District Court for the Southern District of New York. On two of the three causes of action alleged in the complaint the jury returned a verdict for the defendant. The other, or second, cause of action was dismissed by the court at the close of the plaintiff's case. Judgment was entered for the defendant and this appeal followed.

Both of the parties have been practicing their profession in New York City for many years. The appellee had undertaken on a contingent fee basis to prosecute a claim for the refund of a federal income tax and made an oral arrangement with the appellant to assist him. On April 25, 1944, appellant wrote a confirming letter to the appellee, the following quotation from which shows their agreement as it was thus put in writing: "I am retained to prepare for trial the actions of Sun-Herald Corporation, a news publishing company of New York City, against Dugan, and to participate in the trial and appeals, if any, to the extent you may elect. The compensation to be paid to me is on the quantum meruit, to be determined at the conclusion of the cases. I am to be paid now the sum of $250.00 on account of the services rendered in those cases. The cases, as I have told you, are practically prepared for trial, both on the law and on the facts."

On July 1, 1944 the appellee asked for additional payment on account of his services in the matter, and the appellee agreed to pay the appellant an additional $250.-00 on account. But at that time, according to appellee's testimony at the trial below, which the jury evidently believed, he told the appellant, "Now, you have your choice, your election. You can do either one of two things. You can quit now and the $500 will represent payment for what you have done, or you can continue with me in this case, agree upon the understanding that you will be with me in this case, in other words that you will receive nothing in the event that no recovery is effected; if one is effected I will sit down across the table with you, we will evaluate your contribution to the result, and you will be paid the fair and reasonable value of your services." The appellant made no further request for payment until April 23, 1946. By that time a judgment of the district court dismissing the tax suit had been entered. Appellant brought suit against appellee on June 6, 1946 and the tax suit has since been concluded, by affirmance by this court, in favor of the government.[1]

The first cause of action was upon the contract as shown by appellant's letter above quoted. The appellee relied on the oral modification of July 11, 1944, which the appellant denied took place. The issue was submitted to the jury, in a charge to which no objection was made, on the theory that if the written contract were not modified as the appellee claimed, the appellant was entitled to recover the fair value of his services but if it had been modified as the appellee testified there could be no recovery.

On this issue of fact the verdict is now conclusive. The only question open is whether as a matter of law the modification agreement was invalid for lack of consideration. The appellant relies on cases, of which Carpenter v. Taylor, 164 N.Y. 171, 58 N.E. 53, is an example, based upon the principle that neither the promise to perform, nor the performance of, what one is already legally bound to do is a valid consideration for a new contract. See also, e. g., O'Meara v. National Park Bank, 239 N. Y. 386, 146 N.E. 636, 39 A.L.R. 747. Clearly such cases are distinguishable. This contract, in the words of the appellant in his letter of April 25, 1944, was for him to prepare the "actions" for trial, work which had

---

[1] Sun-Herald Corp. v. Duggan, 2 Cir., 160 F.2d 475.

already "practically" been done, and "to participate in the trial and appeals, if any, to the extent you may elect." That is, the appellee was free at any time to choose not to let the appellant participate in any of the trial or appellate work. The offer to let the appellant participate on a contingent basis until the litigation was concluded was ample consideration for the modification or new contract the appellee then proposed. Bandman v. Finn, 185 N.Y. 508, 78 N.E. 175, 12 L.R.A.,N.S., 1134; Cuneo Press, Inc., v. Claybourn Corp., 7 Cir., 90 F.2d 233; 3 Williston on Contracts (1936 ed.) § 680, pp. 1965, 1966. If the appellant agreed to the change he was legally bound and whether he agreed in fact was for the jury.

The second count alleged that the appellee had employed the appellant to do certain legal work for one and one-half days each week and had induced him to accept $50 a week for his services by falsely representing that the work had previously been done by a forty-five dollar a week clerk. The plaintiff did the work, which was performed for one of the appellee's clients largely at the client's office, from March 15, 1944 until October 31, 1945. He was paid the agreed amount each week and, although he knew what kind of work it was, at least after he had done it, and was not employed for any definite period, he continued to work and never requested additional compensation until after his employment had ended. The only evidence indicating the falsity of the appellant's representation that the work had been done by a forty-five dollar a week clerk was that from sometime in January, 1944 until the appellant began to do the work in March of that year it had been done as a part of that performed by a lawyer in the office of the appellee whom the appellee employed for two and one-half days a week and paid an annual salary of $5000 for his entire services. Obviously this lawyer was not a forty-five dollar a week clerk. But quite as obviously the fact that this lawyer had done the work for a comparatively short time was no evidence that the kind of a clerk the appellee mentioned had not also performed the work before then. Even if we assume that the appellant relied upon the representation, he failed to prove that it was false and there was no issue of fact for the jury.

The third cause of action was for the value of work done to collect a note for another client of the appellee. The evidence showed that the appellant did some work at the request of the appellee and, apart from the value of the work, the disputed issue of fact was whether, as the appellee's evidence indicated, he agreed to do it during the time for which he was being paid at the rate of $50 for one and one-half days each week or whether, as the appellant's evidence indicated, he was to be paid separately for it. This issue was submitted to the jury and its verdict has resolved the fact and left nothing for us to review. E.g., Home Ins. Co. of New York v. Tydal Co., 5 Cir., 157 F.2d 851.

Appellant argues that certain portions of the charge were erroneous. The record, however, shows that, when asked if there were any exceptions to the charge as given, appellant's counsel replied, "No exceptions, your honor." If we take the record on its face, therefore, Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, precludes appellant from claiming any error on appeal, unless, as he argues, the fact that he submitted his requests to charge at the opening of the trial avoids the operation of the Rule. Interstate Motor Lines v. Great Western Ry. Co., 10 Cir., 161 F.2d 968, 971; Colley v. Standard Oil Co. of New Jersey, 4 Cir., 157 F.2d 1007; Crockett Engineering Co. v. Ehret Magnesia Mfg. Co., App.D.C., 156 F.2d 817. As the parties have stipulated that the transcript of the record is a true one, we will take it on its face. It seems clear that Rule 51 applies and requires objection to those parts of the charge claimed to be erroneous, whether or not requests to charge have been submitted. Crockett Engineering Co. v. Ehret Magnesia Mfg. Co., supra; Williams v. Powers, 6 Cir., 135 F. 2d 153, 156. The fact that here they were submitted before trial rather than during it we think immaterial; as we have said before, objection must be taken "in order * * * that the judge may clarify or correct his statement before the jury retires." McDonald v. Jarka Corporation, 2 Cir., 144 F.2d 53, 54; United States v. Monroe, 2

Cir., 164 F.2d 471, 474. We have, however, considered appellant's contentions with respect to the charge and find them to be without merit.

Judgment affirmed.

L. HAND, Circuit Judge (dissenting in part).

I entirely agree with my brothers upon the first and third counts, and I am strongly tempted to go along with them upon the second also, for it seems to me scarcely credible that a jury would have taken that claim seriously. Nevertheless, the case seems to me well to illustrate how undesirable it is as a practical matter for judges to dismiss complaints in actions at law, because the plaintiff's case seems to them and seems to us, obviously flimsy. The plaintiff swore that the defendant told him that the work which he was to take up for the defendant, and which he did take up, had been done by a clerk to whom the defendant paid only $45 a week; and that this induced the plaintiff to accept $50; and I think that he also proved that work of the same kind had not been done for $45. No doubt the plaintiff had to satisfy the jury that he would have stood out for more than $50 if he had not believed what the defendant told him, and he also had to satisfy the jury that he would have been successful in getting more than $50—the difference being the measure of his damages. However, on these issues it would have been permissible I should think to allow the jury to form their own conclusions; and at least I think that it was necessary to wait until the defendant's evidence had been put in.