**FRASCA v. HOWELL et al.**

**WOLTZ v. HOWELL et al.**

**Nos. 10427, 10428.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 8, 1950.

Decided May 29, 1950.

Mr. Michael J. Keane, Jr., Washington, D. C., with whom Mr. Karl Michelet, Washington, D. C., was on the brief, for appellants.

Mr. Albert E. Brault, Washington, D. C., with whom Mr. Denver H. Graham, Washington, D. C., was on the brief, for appellees Spencer Howell and Robert O. Powell.

Messrs. Thomas S. Jackson and Irving B. Yochelson, Washington, D. C., were on the brief for appellee Charles Youts. Mr. Louis M. Denit, Washington, D. C., also entered an appearance for appellee Youts.

Before EDGERTON, PROCTOR and WASHINGTON, Circuit Judges.

PROCTOR, Circuit Judge.

These appeals arise out of negligence actions for personal injuries sustained by appellants (plaintiffs) in an automobile collision. The cases were tried together before court and jury. A separate verdict was returned for each plaintiff in amounts substantially above her proven special damages. Nevertheless, plaintiffs moved for a new trial upon the ground that the verdicts were inadequate. Their appeals are based upon the court's action in overruling the motions and in denying certain requested jury instructions.

A motion for new trial is committed to the trial court's discretion. The record here reveals no abuse of that discretion in denying the motions in question; therefore, the court's disposition of them must stand. Although we may think the amounts awarded are small, they cannot be disturbed for that reason alone. It would be an unwarranted encroachment upon the province of the jury, as well as of the trial court. Fairmount Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 53 S.Ct. 252,

77 L.Ed. 439; Dean v. Century Motors, Inc., 1946, 81 U.S.App.D.C. 9, 154 F.2d 201; Ramsey v. Ross, 1936, 66 App.D.C. 186, 85 F.2d 685; Washington Railway & Electric Company v. Upperman, 1918, 47 App.D.C. 219. See, generally, Miller v. Maryland Casualty Co., 2 Cir., 1930, 40 F.2d 463.

■ Appellant Woltz also complains of the court's refusal of requested instructions to the jury concerning the measure of damage. It is enough to point out that Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. prohibits a party assigning as error "the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." There was a total failure to comply with this salutary rule. No objection was made at any time to denial of the proposed instructions. Therefore, the present assignments of error cannot be considered. We think, however, that on the whole the charge was very fair and sufficiently covered all the recoverable elements of damage; hence, even had the prayers been acceptable no harmful effects resulted from their rejection.

The judgments are

Affirmed.