### ATLANTIC COAST LINE R. CO. v. BURKETT.

No. 13681.

United States Court of Appeals Fifth Circuit.

Nov. 16, 1951.

As Modified on Denial of Rehearing Dec. 28, 1951.

Larry E. Pedrick, John W. Bennett, Way-cross, Ga., Charles Cook Howell, Wilmington, N. C., for appellant.

E. O. Blalock, Waycross, Ga., for appel-lee.

Before McCORD, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Under the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq., plaintiff-appellee secured a verdict against defendant-appellant in the sum of $25,000.00 damages for personal injuries. The only alleged errors relate to the court's charge to the jury and to its refusal to hold the verdict excessive.

Plaintiff was a helper to car repairer Gene Cannon. Cannon instructed him to help carry a rail weighing about 300 pounds, and plaintiff was at the lead end of such rail. Plaintiff claimed that the rail was so heavy that he could not get it on his shoulder; that he had to bring it around a post, and that it was necessary for him to walk backwards; that when he had taken three or four steps backwards he fell over a pile of scrap iron and other debris and was severely and permanently injured.

As grounds of negligence, the plaintiff claimed that Cannon suddenly, violently and without warning pushed said steel rail, and also that defendant allowed the scrap iron and debris to collect in its railroad yards and failed to use due care to furnish plaintiff a reasonably safe place to work.

Defendant denied that it or its employee Cannon was negligent and claimed that it was the duty of the plaintiff to have removed the scrap iron and debris over which he fell, and that the cause of his fall was his failure to perform that duty and his negligence in walking backward, paying no attention to where he was going.

Appellant's first specification of error is as follows: "The trial judge erred in charging the jury, over timely exception of defendant, that as a matter of law the plaintiff in this case did not assume any risk incident to his employment, because there was no issue made by the pleadings or evidence with respect to any assumption of risk and the injection of this issue would tend to lead the jury to believe that the plaintiff might not be required under the law to exercise ordinary care that would be placed upon him by all the circumstances of the case, and such charge was calculated to confuse the jury to the prejudice of the defendant."

Appellant of course concedes that it was held in Tiller v. Atlantic Coast Line Railroad Company, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, that the effect of the 1939 Amendment to the Federal Employers' Liability Act was to obliterate from the law every vestige of the doctrine of assumption of risk and to prevent any reliance on the doctrine for the purpose of establishing absence of negligence on the part of the employer.

The appellant puts strong reliance on the case of Ellis v. Union Pac. Railroad Co., 148 Neb. 515, 27 N.W.2d 921, 926 not as a controlling precedent, but because its reasoning is persuasive. The charge under consideration in that case was held by the Nebraska Supreme Court to be not only abstract, but also prejudicially erroneous because, "It did not intelligently contain the qualification that the risks of his employment, which plaintiff could not be held to have assumed, were only those risks caused by or resulting in whole or in part from defendant's negligence." In the case at bar, a subsequent part of the court's oral charge did contain that qualification: "I charge you further, gentlemen of the jury, that in any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

Other parts of the charge emphasized the necessity of proof of the defendant's negligence as a prerequisite to a verdict for the plaintiff.

Under the pleadings and evidence in this case, we think that the trial judge was justified in thinking that in the absence of a charge on assumption of risk, the jury might have considered that defense under the guise of nonnegligence. As said in the Tiller case, supra [318 U.S. 54, 63 S.Ct. 447]:

"Unless great care be taken, the servant's rights will be sacrified by simply charging

him with assumption of risk under another name".

■ Further, we should disregard any error which does not affect the substantial rights of the parties, and should not reverse and remand this cause for a new trial on account of any alleged error unless it appears to us that our refusal to take such action is inconsistent with substantial justice. Federal Rule of Civil Procedure, rule 61, 28 U.S.C.A.

Appellant's second specification of error is as follows:

"The trial judge erred in failing to charge the jury, upon timely written request of defendant, as follows:

"That the rule applicable to all duties arising between the employer and employee, in this case, that is between the plaintiff, James M. Burkett, and the defendant railroad company, is the requirement that each exercise reasonable or ordinary care in view of all the circumstances, and therefore negligence on the part of either the plaintiff or the defendant railroad company, would be the failure to exercise reasonable or ordinary care in view of all the circumstances."

■ In its oral charge to the jury the court did not specifically define the term "negligence." We think, however, that without a formal definition of negligence, the court's instructions covered the subject as applied to the specific acts of negligence charged in this case.

■ The requested charge was indefinite and misleading in several respects. We mention only one. It undertook to state "the rule applicable to all duties arising between the employer and employee in this case." The jury might well have understood from this charge that the plaintiff owed a duty to exercise reasonable or ordinary care to see that his place of work was reasonably safe, whereas, the plaintiff "has a right to rely upon the performance of this duty by the employer and to govern his actions accordingly". Williams v. Atlantic Coast Line Railroad Co., 5th Cir., 190 F.2d 744, 748. That is of course upon the assumption, as is evident from the verdict, that the jury disbelieved

the defendant's evidence that it was the plaintiff's primary duty to have removed the scrap iron and other debris.

■ Appellant's third specification of error is as follows: "The trial judge erred in failing, over timely exception of defendant, to instruct the jury that the defendant in its answer asserted as one of its main defenses that any injuries sustained by the plaintiff resulted entirely and solely from plaintiff's own negligence."

The court referred the jury to the pleadings for statements of the contentions of the parties. Further, actually in four separate places in its oral charge the court called the attention of the jury to this defense.

Appellant's fourth specification of error is as follows: "The trial judge erred, over timely exception of defendant, in instructing the jury that if the defendant was negligent in any degree which contributed to the injury, the plaintiff's right to recover cannot be defeated, although his negligence might have been gross and the negligence of the defendant comparable therewith slight, and also charging the jury that no degree of negligence on the part of plaintiff, however gross or proximate, can as a matter of law bar recovery, without in immediate connection explaining to the jury that although this was true plaintiff's recovery would be diminished in proportion that his negligence bore to the entire negligence found in the case, the charge as made being contradictory to other portions of the charge and highly confusing to the jury to the great harm of the defendant."

■ We find in the oral charge only two places where the court mentioned the rule that no degree or amount of negligence on the part of plaintiff would prevent a recovery, while it charged the comparative negligence rule four times, and stated to the jury four times that if plaintiff's negligence was the sole proximate cause of his injury he could not recover. Considering the charge as a whole we do not think that it was contradictory, misleading or confusing to the jury.

■ Appellant's fifth and final specification of error is as follows: "The verdict

was so excessive as to indicate that the jury was influenced by passion and prejudice, or that the verdict was the result of grievous mistake and error, and the trial judge abused his discretion in failing to hold the verdict excessive."

Mr. Justice Holmes gave the answer in an early case: "[A] case of mere excess upon the evidence is a matter to be dealt with by the trial court. It does not present a question for re-examination here * * *". Southern Railway-Carolina Division v. Bennett, 233 U.S. 80, 87, 34 S.Ct. 566, 567, 58 L.Ed. 860; see also Fairmount Glass Works v. Cub Fork Coal Co., 287 U. S. 474, 485, 53 S.Ct. 252, 77 L.Ed. 439 and cases collected in Judge Holmes' dissenting opinion in Sunray Oil Corp. v. Allbritton, 5 Cir., 187 F.2d 475, 477.

Finding no error in the record prejudicial to the appellant the judgment is

Affirmed.

### On Petition for Rehearing

In Williams v. Atlantic Coast Line Railroad Company, 5 Cir., 190 F.2d 744, 748, we held that the court should not consider specifications of error based upon failure of the trial court to give particular instructions to the jury at the written request of the plaintiff when the plaintiff did not comply with Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A. by objecting to such failure before the jury retired and stating the grounds of his objection. In so holding we cited and relied upon the case of Frasca v. Howell, 87 U.S.App.D. C. 52, 182 F.2d 703. That decision has been qualified by the Court of Appeals for the District of Columbia Circuit in the recent case of Montgomery v. Virginia Stage Lines, Inc., 191 F.2d 770, 773, where the court pointed out that the effect of Rule 46 had not been taken into account. That is likewise true as to our decision in Williams v. Atlantic Coast Line Railroad Company, supra. In that case it was not necessary that we rule upon the specifications of error referred to inasmuch as the cause was reversed and remanded for other errors. The result of the decision was not affected by our reliance upon Frasca v. Howell, supra.

In our original opinion in the present case we had not read Rule 51 in conjunction with Rule 46 and there is now no necessity for our deciding the effect of the two rules considered together for the paragraph of the opinion which follows is not necessary to the decision and is hereby withdrawn.

"The defendant did not except to such failure otherwise than by requesting the quoted charge. To comply with Federal Rule of Civil Procedure 51, the defendant should have objected to the failure of the court to define negligence stating the grounds of its objection. The fact that requests to charge are submitted does not avoid the operation of Rule 51. Blair v. Cullom, [2 Cir.], 168 F.2d 622, 624."

With the opinion thus modified, the petition for rehearing is hereby denied.