**ATLANTIC COAST LINE R. CO.**
v.
**DIXON.**

No. 14320.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1953.

Larry E. Pedrick, Waycross, Ga., Charles Cook Howell, Wilmington, N. C., John W. Bennett, Waycross, Ga., Bennett, Pedrick & Bennett, Waycross, Ga., of counsel, for appellant.

J. Dorsey Blalock, Waycross, Ga., Tom C. Blalock, Waycross, Ga., Blalock & Blalock, Waycross, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This action under the Federal Employers' Liability Act [1] has been twice tried before a jury, each trial resulting in a verdict for the plaintiff in the amount of $25,000.00. The judgment entered upon the first verdict was reversed on account of insufficient instructions to the jury. Atlantic Coast Line R. Co. v. Dixon, 5 Cir., 189 F.2d 525. In that opinion the issues framed by the pleadings were succinctly stated.

It is conceded that upon re-trial the District Judge did charge the principles which were erroneously omitted in the first trial. There is no contention that the evidence was insufficient to require submission of the case to the jury.

Appellant does complain that the verdict was excessive, but the District Judge had the ultimate responsibility of deciding that question. Southern Railway-Carolina Division v. Bennett, 233 U.S. 80, 87, 34 S.Ct. 566, 58 L.Ed. 860; Atlantic Coast Line R. Co. v. Burkett, 5 Cir., 192 F.2d 941, 945.

The first specification of error is that the District Court erred in refusing the defendant's request to charge the jury as follows:

"I charge you that even if you should find that the defendant railroad was negligent in some particular alleged, but should also find that the plaintiff was negligent and that the plaintiff's negligence was the sole proximate cause of his injuries, then the plaintiff would not be entitled to recover and you should find for the defendant."

The Act provides that " * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: * * * ." 45 U.S. C.A. § 53. In a case, however, where the employee's negligence is the sole proximate cause of his injury there can be no recovery. Great Northern R. Co. v. Wiles, 240 U.S. 444, 36 S.Ct. 406, 60 L. Ed. 732; Louisville & Nashville R. Co. v. Davis, 6 Cir., 75 F.2d 849, 851; Pere Marquette R. Co. v. Haskins, 6 Cir., 62 F.2d 806.

At least four times the Court charged the jury that, if the employee's negligence was the sole proximate cause of his injury, he could not recover.[2] The

---

**1.** 45 U.S.C.A. § 51 et seq.

**2.** "I charge you, gentlemen of the jury, if the employee's, that is, Mr. Dixon's, negligence was the sole proximate cause of his injury, he can not recover.

　　*　　*　　*　　*　　*　　*

"In substance, gentlemen, the Act provides that if the plaintiff, Mr. C. C. Dixon's, negligence was the sole proximate cause of the injuries alleged he can not recover, but, gentlemen, it also provides

that if the defendant, railroad company, was in any degree negligent, and that negligence contributed to Mr. C. C. Dixon's alleged injuries, then Mr. Dixon could recover, but, gentlemen of the jury, his damages would be diminished in the amount of negligence attributable to him.

　　*　　*　　*　　*　　*　　*

"It is only where some act or omission or negligence on the part of the plaintiff is the sole cause of his injury,

instructions as given were broad enough to include a case where the jury might find both parties negligent and at the same time find that the plaintiff's negligence was the sole proximate cause of his injury. The District Judge expressed the opinion that the requested charge would have been confusing to the jury rather than helpful; and we think it well within his discretion to refuse the charge.

The remaining specifications of error relate to the admission of various items of testimony over the objection of the defendant. In a comparatively early case under the Federal Employers' Liability Act, Central Vermont R. v. White, 238 U.S. 507, 511, 35 S.Ct. 865, 867, 59 L.Ed. 1433, the Supreme Court stated that: "There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought." See 2 Robert's, Federal Liabilities of Carriers, p. 1957, Sec. 1014. On the other hand, the law has always been settled that matters of substance arising under this Act are to be determined by federal rather than state law. Dice v. Akron C. & Y. R. Co., 342 U.S. 359, 361, 72 S.Ct. 312, 96 L.Ed. 398; Bailey v. Central Vermont Railway, 319 U.S. 350, 352, 63 S.Ct. 1062, 87 L.Ed. 1444; Garrett v. Moore-McCormack Co., 317 U.S. 239, 244, 63 S.Ct. 246, 87 L.Ed. 239. In

Lavender v. Kurn, 327 U.S. 645, 654, 66 S.Ct. 740, 744, 90 L.Ed. 916, the Supreme Court, by way of *dictum*, used the following expression: "Rulings on the admissibility of evidence must normally be left to the sound discretion of the trial judge in actions under the Federal Employers' Liability Act." We note a possible tendency to treat that expression as a federally created rule of evidence in cases tried under this Act in the federal courts. See Chicago & Northwestern Railway v. Green, 8 Cir., 164 F.2d 55, 62; Bartkoski v. Pittsburgh & Lake Erie R. Co., 3 Cir., 172 F.2d 1007, 1009; Sivert v. Pennsylvania R. Co., 7 Cir., 197 F.2d 371, 377; New York, N. H. & H. R. Co. v. Zermani, 1 Cir., 200 F.2d 240, 246; Lavender v. Kurn, supra, however, was tried to a jury in a state court. In the quoted expression we think that the Supreme Court was stating the usual effect of the applicable rules of evidence, and did not mean to say that the trial judge had any discretion to disregard rules governing the admissibility of evidence. Most of such rules themselves are now construed to vest considerable discretion in the trial judge. See article by Judge McElroy in A.L.I. Restatement, Model Code of Evidence, p. 356. We think that the admissibility of evidence in actions in the federal court under this Act, as in other civil actions, is now governed by the provisions of Rule 43(a), Federal Rules of Civil Procedure, 28 U.S.C.A.[3]

As has been often noted,[4] that rule is slanted toward admissibility rath-

---

and the negligent acts of defendant had no causative part in the injury, that the defendant is free from liability under the Federal Employers' Liability Act. In other words, gentlemen, as I have already stated to you, if the plaintiff's negligence was the sole proximate cause of his injuries he could not recover.

\* \* \* \* \* \*

"I charge you that if you find that the plaintiff was negligent and that his negligence was the sole proximate cause of his injury, then the plaintiff would not be entitled to recover and you should find for the defendant."

3. " \* \* \* All evidence shall be admitted which is admissible under the stat-

utes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. \* \* \* " Differing from the corresponding rule in criminal cases, Rule 26, Federal Rules of Criminal Procedure, 18 U.S. C.A., this rule does not contemplate a uniform body of rules of evidence to govern in civil trials in the federal courts.

4. Petroleum Carrier Corporation v. Snyder, 5 Cir., 161 F.2d 323; Wright v. Wilson, 3 Cir., 154 F.2d 616, 617, 170 A.L.R. 1237; Ettelson v. Metropolitan

er than toward rejection of evidence. However, if state law excludes the evidence and no federal statute or rule admits it, then, the evidence must be rejected. 5 Moore's Federal Practice (2d ed.), p. 1320, Sec. 43.04. The Federal Employers' Liability Act is not such a statute of the United States as is referred to in Rule 43(a), for it was not the intention of that statute to govern rules of evidence. Central Vermont Railway v. White, supra. We get no help from the reference in Rule 43 to "rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity". As noted by Professor Wigmore, the search for such rules will usually be in vain. 1 Wigmore on Evidence (3rd ed.), p. 201, Sec. 6(c); or as Professor Moore notes, "Relatively few equity cases discussed points of evidence, since those cases were generally tried without a jury." 5 Moore's Federal Practice (2d ed.), p. 1328, Sec. 43.04. It has been suggested that "federal decisions in actions at law are precedents for determining the rules of evidence applied in equity." 55 Harvard Law Review 224. That suggestion we need not pass upon inasmuch as we find no federal decision more favorable than the state law to the admissibility of any item of evidence.

■ It is insisted that the District Court erred in admitting over appropriate objections of the defendant testimony of Dr. W. P. Stoner that the plaintiff complained of pain which ran down both legs. The rule both in Georgia[5] and generally in the federal courts[6] is that a physician's testimony as to statements of pain and suffering made by a patient to a physician not for the purpose of treatment but to qualify the physician to testify as an expert witness are generally inadmissible. See Annotations 67 A.L.R. 34, 80 A.L.R. 1530, and 130 A.L.R. 987.

■ While Dr. Stoner was the physician who had originally treated plaintiff for his injury, his testimony as to the plaintiff's complaint of pain running down both legs had reference to an examination made in June, 1950, after his treatment of the plaintiff had terminated and at a time when he was examining the plaintiff in order to testify as a witness in the case. An important exception to the rule that would reject such testimony has been recognized by the Supreme Court of Georgia as follows:

"Complaints of pain which are made apparently in response to manipulation of the person do not come within the rule which excludes hearsay and self-serving declarations, and it is not necessary, in order to render them admissible, that they should be made to a physician for the purpose of treatment. Such complaints are regarded as manifestations of pain, as a part of the res gestae of the pain, and are not classed with mere descriptive statements. They are received as original evidence, and may be testified to by any person in whose presence they are uttered." Broyles v. Prisock, 97 Ga. 643, 25 S.E. 389, 390.

See also Georgia Railway & Electric Co. v. Gilleland, 133 Ga. 621, 66 S.E. 944; Southern Railway Co. v. Parham, 10 Ga. App. 531, 73 S.E. 763.

The District Judge stated:

"It is clear from consideration of all the evidence that the pain suffered by plaintiff at the time of the examination by Dr. Stoner was caused by manipulations called for and caused by Dr. Stoner in the examination and that the statements of pain in his legs made by plaintiff, were complaints of a person while

Life Ins. Co., 3 Cir., 164 F.2d 660, 667; Mourikas v. Vardianos, 4 Cir., 169 F.2d 53.

5. Atlanta, K. & N. R. Co. v. Gardner, 122 Ga. 82, 49 S.E. 818; Goodwyn v. Central of Georgia Ry., 2 Ga.App. 470, 58 S.E. 688.

6. Meaney v. United States, 2 Cir., 112 F.2d 538, 130 A.L.R. 973; Nashville, C. & St. L. Ry. Co. v. York, 6 Cir., 127 F.2d 606; Standard Accident Insurance Co. v. Terrell, 5 Cir., 180 F.2d 1.

being examined by the physician, caused by the examination itself, rather than mere narrative or descriptive statements. Therefore, the evidence was not objectionable in view of the other evidence in the record."

We agree with the District Judge and hold that there was no error in admitting Dr. Stoner's testimony as to the plaintiff's complaints of pain and suffering.

Defendant's witness, Crews, was asked on cross-examination the following question: "If there wasn't plenty of lights under there, you are the man that would have been in trouble about it?" And also the following question: "If there had not been sufficient lights there, then you would have been subject to criticism by your superiors, wouldn't you?" Objection was made that the questions were argumentative. Crews, the defendant's foreman, had testified that the lights under the shed were amply sufficient. It was permissible for plaintiff upon cross-examination to develop the witness' interest or want of interest in so testifying as bearing upon his credibility.

Over the defendant's objection that the question called for a conclusion of the witness, Crews was also permitted to answer the following question: "Can you tell us why they would provide a place to lock this 220 volt one and not provide a place to lock the 440 volt one?" He answered that he did not know. One of the grounds of negligence relied on by the plaintiff was that the defendant's employee who last used the 440 volt receptacle had negligently failed to pull the switch and cut off the current. It may have been that that receptacle was not provided with a lock because it was safe with the current cut off when not in use. The answer to the question may, therefore, have furnished relevant evidence. When the witness answered that he did not know, the answer was not injurious to the defendant.

Defendant's witness, Parker, was asked on cross-examination the following question: "This thing was not as safe as it could have been made, if somebody left that switch on?" The defendant objected that the question was highly argumentative and called for a conclusion. The witness was the chief electrician for the shops of the defendant at Waycross, Georgia. It was competent for him to give expert testimony as to the safety of the instrumentality with the switch on or with the switch off.

The appellant strenuously urges that the Court erred, over the timely objection of the defendant, in permitting the defendant's witness, Dr. T. J. Ferrell, on cross-examination to be asked whether he knew Dr. W. P. Stoner (plaintiff's witness) to be a perfectly competent physician. Dr. Stoner had been superintendent of the Atlantic Coast Line hospital at Waycross, Georgia, until about two years prior to the date of his testimony. Dr. Ferrell had been upon the staff of the hospital for many years. The two disagreed radically as to the severity and permanency of the plaintiff's injury. On cross-examination of Dr. Ferrell, it was permissible for the plaintiff to develop the degree of competency and expertness of Dr. Stoner. See State v. Greenleaf, 71 N.H. 606, 54 A. 38.

Dr. Ferrell answered that Dr. Stoner was competent to a certain extent, but that he was not a member of the American College of Surgery or of any of the American boards of various specialists and, "We have certain yardsticks set up and I will let the facts speak for themselves." Dr. Ferrell's answer, therefore, would seem to be favorable to the defendant.

Appellant points out, however, that the trial judge in ruling on the objection said: "It is to show his state of feelings, I guess." And plaintiff's counsel replied: "Yes, sir." Appellant insists that the harmful effect of this question was the claimed unfair position in which it placed Dr. Ferrell,

tending to show ill feelings of Dr. Ferrell, toward Dr. Stoner. It is always relevant to inquire into the state of feelings of a witness toward a party, but testimony with respect to the feelings of a witness toward another witness may ordinarily be rejected without error. Atlanta Consolidated Street Railway Co. v. Bagwell, 107 Ga. 157, 33 S.E. 191, 193. In the Trial Court's discretion, however, and depending on the circumstances of each case, such evidence may also be admitted when the jury might reasonably conclude that it has a bearing on the credibility of the witness, and especially so when, as here, the evidence is independently relevant. We find no error in the record and the judgment is

Affirmed.