P. M. ALMENDAREZ, Plaintiff-Appellee,

v.

The ATCHISON, TOPEKA AND SANTA
FE RAILWAY COMPANY, Defendant-
Appellant.

No. 28624.

United States Court of Appeals,
Fifth Circuit.

May 28, 1970.

John J. McKay, Austin, Tex., for defendant-appellant.

Tom Curtis, Mary Joe Carroll, Austin, Tex., Payne H. Ratner, Jr., Wichita, Kan., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge.

The Atchison, Topeka and Santa Fe Railway Company (the railroad) appeals from a jury verdict finding it liable to one of its employees, Almendarez (the plaintiff), for back injuries he sustained while working upon the railroad's right-of-way. The injury occurred while the plaintiff and three other section laborers were engaged in carrying a 200-pound "light carriage" from an area adjacent to the railroad tracks toward the tracks. The plaintiff was positioned at one corner of the equipment and was walking backward when he stepped into a depression near the tracks, twisting his back. The suit was prosecuted under the Federal Employers' Liability Act (the Act),[1] and resulted in an award of $46,000 in damages to the plaintiff.

The railroad's points of error on this appeal may be grouped into three categories: alleged errors in the court's charge; excessiveness of the verdict; and failure to grant the railroad's motions for instructed verdict and new trial.

I.

The railroad first contends that the court erred in refusing to grant its request for an instruction on the defense of sole proximate cause.[2] The requested

1. The negligence provisions of the Act, 45 U.S.C. § 51, form the basis of the suit. That section provides in pertinent part that a common carrier by railroad shall be liable for

"injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed * * * or other equipment."

2. The plaintiff maintains that this and other alleged errors were waived by the railroad by counsel's failure to make specific objections to the court's charge before the jury *retired* as required by Fed.R.Civ.P. 51. We find this argument to be without merit. The record reveals that the court heard the railroad's objections to the charge out of the presence of the jury, after which the exhibits and the form of verdict were sent to the jury and it began its deliberations. Thus, the objections were made and preserved for appeal during a time when the jury was removed but before it had "retired" within the meaning of Rule 51.

instruction reflected the railroad's main line of defense: that the plaintiff's conduct in walking backward and failing to keep a proper lookout was contributorily negligent to the extent that it constituted the sole cause of the injury.

■ We agree with the plaintiff that the railroad's theory to support its requested instruction is an attempt to engraft the common-law doctrine of sole proximate cause onto the Federal Employers' Liability Act. The standards of liability for negligence under the Act must not be confused with those under the common law. This proposition, in the light of a requested instruction on sole proximate cause which was granted, was well stated by Judge Brown in Page v. St. Louis Southwestern Ry., 349 F.2d 820 (5th Cir. 1965):

> "[O]rdinarily in FELA cases there is really no place for this issue in the jury submission as such. * * * This effort to cross examine the jury— * * *—leads only to confusion and a proliferation of metaphysical terms scarcely understandable to the most astute scholar. * * *
>
> "Of. course the substantive law recognizes that if the negligence of the Employee is the sole cause of the injury or death, there is no liability. (citing cases). This is sometimes spoken of as the employee's contributory negligence being the sole proximate cause, but this is both an inaccurate use of the term 'contributory' and seems to be wholly unnecessary since a jury, honestly determining that

the injured employee's actions were the sole cause of injury, necessarily finds (either on a general charge or by special interrogatories) that no act of the railroad, even though found to be negligent, played any part in bringing about the injury. * * * We ought to avoid those practices which 'distract the jury's attention from the simple issues of whether the carrier was negligent and whether that negligence was the cause, in whole or in part, of the plaintiff's injury.'" 349 F.2d 826–827.[3]

■ It is next contended that the court erred in refusing to instruct the jury that "it is not actionable negligence that an employer fails to anticipate carelessness or lack of care on the part of his employee." The railroad cites Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525 (5th Cir. 1951), for the proposition that the failure to give such an instruction is reversible error. We do not read Dixon to hold in that manner. In that case, the court's charge bearing on the employer's duty was deficient in a number of respects. The omissions were so flagrant that a jury could not possibly have apprehended the nature of an action under the FELA. In the instant case, the charge was extensive and adequately enunciated the principles underlying actions of this type.[4] We believe it was within the court's discretion to refuse the requested instruction, as it was a negative instruction which might have tended to confuse the jury. That this discretion exists, when the charge is substantially

---

3. Since the issues presented on this appeal do not call for an intensive inquiry into the nature of an action under the Act as opposed to other types of negligence cases, only those principles necessary to the resolution of the issues presented will be discussed. For a more general background, see this court's recent decision in Nivens v. St. Louis Southwestern Ry. Co., 425 F.2d 114 (5th Cir. 1970) [1970]. See also Stacey v. Sea-Drilling Corp., 424 F.2d 1272 (5th Cir. 1970) [1970] (Jones Act).

4. The charge on the applicable law under the Act was drawn verbatim from

Mathes, Federal Practice and Instructions, Secs. 84.01–20 (1965), also printed in 28 F.R.D. 401, 494–501 (1962). The plaintiff's grounds of negligence, and the railroad's defenses, were not unique; indeed, they were typical, and although "a half century's experience under the Act still leaves new questions," this case did not present any problems which were "very, very fresh, (and in which) the materials of decision (were) scarce * * *." Page v. St. Louis Southwestern Ry., supra 349 F.2d at 823. In short, the Mathes charge was adequate for this case, and its utilization by the trial judge was not improper.

correct, is settled. See the second Dixon appeal, Atlantic Coast Line RR. v. Dixon, 207 F.2d 899 (5th Cir. 1953). But even absent that discretion, we would not hold, without more, that the omission constituted reversible error.

The railroad thirdly contends that it was error for the court to charge the jury that, under the Act, an employee shall not be held to have assumed the risk of his employment. Although this is merely a restatement of Section 4 of the Act, 45 U.S.C. § 54, which abolished the defense of assumption of risk, the railroad maintains that because its defense of contributory negligence was so strongly in the case, the charge on assumed risk practically eliminated its chances to successfully defend the suit. We cannot agree. We view this situation to be like that in Atlantic Coast Line R.R. v. Burkett, 192 F.2d 941 (5th Cir. 1951):

"Under the pleadings and evidence in this case, we think that the trial judge was justified in thinking that in the absence of a charge on assumption of risk, the jury might have considered that defense under the guise of nonnegligence.

\* \* \* \* \* \*

"Further, we should disregard any error which does not affect the substantial rights of the parties, and should not reverse and remand this cause for a new trial on account of any alleged error unless it appears to us that our refusal to take such action is inconsistent with substantial justice." 192 F.2d 943–944.

■ Although to instruct on assumption of risk when the element is not pleaded might constitute reversible error in some cases, the use of the principle is only discouraged, just as we have noted that an instruction on sole proximate

cause is not favored. See, e. g., Tiller v. Atlantic Coast Line Ry., 318 U.S. 54, 72, 63 S.Ct. 444, 87 L.Ed. 610 (1943), cited in Texas & Pacific Ry. v. Buckles, 232 F.2d 257 (5th Cir.), cert. denied, 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956); Casko v. Elgin, J. & E. Ry., 361 F.2d 748 (7th Cir. 1966). We conclude that the charge on assumption of risk in this case was harmless, and if inadvisable, certainly not reversible error.[5]

## II.

■ The railroad launches a full-scale attack on the verdict of $46,000 as being grossly excessive—a sum which, in these days of ever-increasing jury verdicts, seems modest by comparison. Nevertheless, we have examined the evidence in detail to determine whether the trial judge abused his discretion in permitting the damages to stand. It is sufficient to state that we find that he did not; there is adequate support in the record for the court's denial of the motion for new trial based on this ground. Phoenix Indemnity Co. v. Givens, 263 F.2d 858 (5th Cir. 1959); Texas & Pacific Ry. v. Buckles, supra; Atlantic Coast Line R.R. v. Burkett, supra.

## III.

■■ We lastly consider the denial of the railroad's motion for an instructed verdict, carried forward in its motion for new trial and alternate request for an order of remittitur. The basis of the motion was that the plaintiff's injury was not reasonably foreseeable, due to the manner in which the plaintiff chose to work. It was also urged that the court's charge on "safe place to work" was too broad because the plaintiff's complaint alleged negligence in failing to keep its *roadbed* reasonably safe, and that the charge should have been limited to that specific area. It is argued, in the

5. The charge on assumption of risk was read from Section 84.10 of Mathes, 28 F.R.D. 497. Since the element was not in the case, some discrimination in choosing sections from Mathes to read to the jury might have been exercised by the District Judge. But since we have concluded that no prejudice resulted from the jury being apprised of this provision of the Act, we too only advise against the practice.

context of a semantic exercise, that the requirement of "safe place to work" must be limited in area to the designation of the place where the plaintiff alleges the injury occurred. The railroad's attempt to limit the "safe place to work" doctrine to the place alleged to be the situs of the injury is frivolous. This is simply because an employer has, under the Act, "the nondelegable duty to provide its employees with a safe place to work even when they are required to go onto the premises of a third party over which the railroad has no control." Shenker v. Baltimore & O. R.R., 374 U.S. 1, 7, 83 S.Ct. 1667, 1071–1072, 10 L.Ed.2d 709 (1963). It is undisputed that the injury occurred on the railroad's property, *all* of which the railroad has the duty to inspect and maintain.

As to the foreseeability element, it is clear from the evidence that it was proper to submit the issue to the jury. "[T]he test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury." Rogers v. Missouri Pac. Ry., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). Foreseeability being "an essential ingredient" of negligence under the Act, Gallick v. Baltimore & O. R.R., 372 U.S. 108, 117, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963), it was proper for the jury to determine whether the railroad could reasonably foresee that the plaintiff would voluntarily employ an unsafe method of work (this issue really being one of contributory negligence—also a jury question), but more importantly, whether the railroad could have reasonably foreseen that a condition on its property could cause injury. This was a proper case for submission to the jury, for "[o]nly when there is a complete absence of probative facts to support the conclusion reached (by the jury) does a reversible error appear." Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946); Nivens v. St. Louis Southwestern Ry., supra.

We find that there was sufficient evidence of employer negligence to justify submission to the jury, and that there was no reversible error in the charge. We further find that the district court properly denied the railroad's motions for instructed verdict and for new trial.

Affirmed.